# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PATRICK H. TORRENCE,

            Petitioner,

     v.

JASON HAMILTON,

            Respondent.

Case No. 3:24-cv-0019-SLG

## ORDER OF DISMISSAL

On January 12, 2024, Patrick H. Torrence, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 ("Section 2254") for Writ of Habeas Corpus by a Person in State Custody, a civil cover sheet, and a motion for court-appointed counsel.[1] The Court takes judicial notice[2] of Mr. Torrence's underlying state court criminal conviction, his subsequent state court appeals, and post-conviction proceedings.[3] The Court also takes judicial notice of the additional civil cases and unsuccessful collateral attacks on his conviction that Mr. Torrence has filed in federal court.[4]

---

[1] Dockets 1-3.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[3] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[4] A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

## SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[5] Before a second or successive application for post-conviction relief is filed in a district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[6] Second or successive cases filed without an authorizing order from the court of appeals shall be dismissed.[7] Upon screening, it plainly appears that Mr. Torrence is not entitled to habeas relief pursuant to Section 2254, so his petition must be dismissed.

## DISCUSSION

In 2010, Mr. Torrence was convicted following a jury trial, of kidnapping, first degree sexual assault, and second-and third-degree assault in *State v. Torrence,* Case No. 3AN-08-3388CR.[8] The Alaska Court of Appeals affirmed his conviction

---

[5] Rule 4 of the Rules Governing Section 2254 Cases.

[6] 28 U.S.C. § 2244(b)(3)(A).

[7] *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction).

[8] Docket 1 at 1.

on March 27, 2013,[9] and the Alaska Supreme Court denied his petition for hearing on May 28, 2013.[10] Mr. Torrence filed his first application for post-conviction relief regarding this conviction[11] in state court in October 2011, claiming that his trial attorney provided him ineffective assistance of counsel. On October 19, 2017, the superior court dismissed the application. Mr. Torrence appealed the dismissal of his first application; and on October 27, 2017, he filed a second application for post-conviction relief alleging he received ineffective assistance of counsel in his first post-conviction relief proceeding and that he had obtained newly discovered evidence of his innocence.[12] On February 22, 2023, the Alaska Court of Appeals remanded his second post-conviction case to the superior court, where it remains pending. A more detailed summary of what the Court of Appeals described as the "unusual procedural posture" of the state court proceedings is included in its February 22, 2023, decision.[13]

This Court has previously dismissed two Section 2254 petitions regarding this same underlying state court criminal conviction.[14] As the Court has previously

---

[9] Alaska Court of Appeals Case No. A-10785, Order No. 5930; 2013 WL 1283396, at *2-7 (Alaska App. 2013) (unpublished).

[10] Alaska Supreme Court Case No. S-15125.

[11] The Court notes Mr. Torrence also had a prior conviction in Case No. 3AN-05-06190CR, which he also unsuccessfully challenged.

[12] *Torrence v. State* (*Torrence II*), 2020 WL 9174580, at *1 (Alaska App. Mar. 4, 2020) (unpublished).

[13] *Torrence v. State,* Case No. A-13359, 2023 WL 2174829, at *2 (Alaska Ct. App. Feb. 22, 2023)

[14] *Torrence v. Lapinskas*, Case No. 3:15-cv-00134-SLG, Docket 29 (dismissing petition with

informed Mr. Torrence, the Antiterrorism and Effective Death Penalty Act of 1996 requires a federal court to dismiss a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application."[15] Therefore, the Court cannot consider Mr. Torrence's now third Section 2254 petition without authorization from the Court of Appeals for the Ninth Circuit.[16]

**IT IS THEREFORE ORDERED**:

1. The Petition under 28 U.S.C. § 2254 is **DISMISSED**.

2. All pending motions are **DENIED as moot**.

3. The Clerk is directed to enter a Final Judgment and terminate this action.

4. A Certificate of Appealability shall not issue.[17]

DATED this 4th day of March 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

prejudice and without leave to amend because the claims were found to be procedurally defaulted and without merit); Docket 49 (denial of a certificate of appealability by the Ninth Circuit Court of Appeals). *See also Torrence v. Hermandez,* Case No. 3:20-cv-00315-JKS, Docket 6 (dismissing petition as second or successive).

[15] 28 U. S. C. §2244(b)(1). *See also Torrence v. Lapinskas,* Case No. 3:18-cv-00067-RRB, Docket 5 (dismissing successive petition challenging criminal Case No. 3AN-05-6190CR).

[16] *See* Ninth Circuit Rule 22-3(a) ("An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under sections 2254 or 2255. See Form 12. An original in paper format of the application must be filed with the Clerk of the Court of Appeals unless the application is submitted via Appellate CM/ECF.").

[17] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).